UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERIKA MARTINEZ,

     Plaintiff,

vs.

ALIESTETIC HEALTH, LLC
and , ALICIA LABRADOR,

     Defendant.

_____/

## <u>COMPLAINT</u>

     Plaintiff, Erica Martinez, through his undersigned counsel sues Defendant, Aliestetic Health LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Erika Martinez**, was and is a resident of Miami-Dade County, Florida, at all times material, over 18 years old, and is *sui juris*.

2.     Plaintiff Martinez was an employee of Defendant, as the term "employee" is defined by Fla. Stat. §§ 448.101 and 440.02.

3.     **Defendant, Aliestetic Health LLC,** is a *sui juris* Florida limited liability company that has its principal place of business at 730 NW 107th Avenue, Suite 100, Miami, FL 33172 that was authorized to conduct and actually conducted its for-profit cosmetic surgery business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

4.     **Defendant, Alicia Labrador,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this

lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

7. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

9. Plaintiff agreed to pay her counsel a reasonable attorneys' fee for all services rendered.

### COUNT I - FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Erika Martinez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

1. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

2. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, and sale of aesthetic and cosmetic services that are promoted through interstate commerce.

2

3.     Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

4.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

5.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

6.     Plaintiff was a non-exempt employee of Defendants.

7.     Plaintiff consents to participate in this lawsuit.

8.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her managing and administering accounting and bank funds which have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

9.     Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for services rendered that traveled in interstate commerce prior to sale of same.

10.    Plaintiff worked for Defendants, Aliestetic Health, LLC, and Alicia Labrador, from about March of 2025 to October 2025.

11.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

12.     Defendants paid Plaintiff a rate of $20.83/hour, the time she worked for them.

13.     Defendants paid a portion of the wages earned by Plaintiff through a 1099.

14.     Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

15.     Defendants failed and refused to pay Plaintiff at least the applicable minimum wage for all hours worked during the three years prior to the filing of this Complaint.

16.     Defendants willfully and intentionally refused to pay Plaintiff at least the applicable minimum wage during the relevant time period.

17.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the applicable minimum wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay he earned.

18.     Plaintiff is entitled to a backpay award of for remainder of the minimum wage owed to him for each of the hours worked during the relevant time period, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Erika Martinez, demands the entry of a judgment in his favor and against Defendants, Aliestetic Health, LLC and Alicia Labrador, jointly and severally after trial by jury, and as follows:

    a.      That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.      That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.      That Plaintiff recover all interest allowed by law;

    e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.      That the Court declare Defendants to be in willful violation of the minimum provisions of the FLSA; and

    g.      Such other and further relief as the Court deems just and proper.

### COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Erika Martinez, reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

19.    Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

20.    Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of the applicable Florida minimum wage all of the hours worked beyond 40 hours in a given workweek during the three years prior to the filing of this Complaint.

21.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

22.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

23.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Erika Martinez, demands the entry of a judgment in his favor and against Defendants, Aliestetic Health, LLC and Alicia Labrador, jointly and severally after trial by jury, and as follows:

a.      That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiff recover all interest allowed by law;

e.     That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.     That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.     Such other and further relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, Erika Martinez, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of March 2026,

Richard Guzman, Esq.
richardguzman@richardguzmanlaw.com
The Guzman Firm, PLLC
804 NW 21st Terrace,
Miami, FL 33127, Suite 201
Tel:    786.585.1045
www.richardguzmanlaw.com